OPINION
The State is appealing from the dismissal by the trial court of its complaint against Gurley Ramey for selling or serving alcoholic beverages to an underage person. The incident allegedly occurred on September 6, 1997, but the complaint served on that day never came to trial. Twice the State moved and obtained a continuance of the trial on the grounds that the complaining witness, a Michael Miller, then an agent of the Ohio Liquor Department, was unavailable for trial and was necessary for the prosecution of the complaint.
On the date set for trial for the third time, Ramey appeared and moved to dismiss on the grounds that his speedy trial time had been violated. The court denied the motion, but the State, however, then moved to dismiss on the grounds that they were once again unable to obtain the attendance of Agent Miller and again representing that he was a necessary witness for the prosecution. The court dismissed the case without prejudice, but then the State refiled alleging the same set of facts, and the refiled complaint was again verified by Agent Miller.
When a trial date for the second complaint arrived, Ramey, represented by counsel, appeared and requested a stay of proceedings pending the determination of his then pending appeal from his motion to dismiss in the prior case. This court rendered a decision on October 30, 1998, affirming the judgment of the trial court that overruled Ramey's motion to dismiss on speedy trial grounds. The second complaint was then set for a jury trial on February 24, 1999. After the jury was impaneled and seated, the State once again, for the fourth time, revealed that Agent Miller was again not available for trial, but this time, instead of asking for a continuance or dismissal without prejudice, the State represented it was prepared to go to trial with other witnesses. Ramey objected on the grounds that his constitutional rights to confront his accuser would be violated. The court agreed with Ramey and dismissed the complaint, this time with prejudice since jeopardy had already attached. It is from this dismissal the State is presently appealing, arguing strenuously that the State is not constitutionally required to present the signer of the complaint, and that Ramey's rights of confrontation were not about to be violated because the State had other witnesses to Ramey's alleged violation who were prepared to testify.
The trial court enunciated its reason for dismissing the complaint on the record, as follows:
"It has been the long-standing policy and opinion in this Court, and specifically this Judge, that there is an absolute right to confrontation of the person who has formally brought the charges and caused the affidavit to be filed and the facts sworn to that affidavit. I believe there is prejudice when the chief accuser is not available, even if it subsequently were not intended to be called as a witness, at least to be available for the defense to confront and the question as to why they wouldn't be called or weren't called on Direct. And I believe this goes to the essence of the Constitutionally protected rights to confront those witnesses." Tr. 7-8.
We disagree with this "long-standing policy" of the trial court. We see no reason why the State cannot present its case through witnesses other than the person who signed the complaint, if it is able to do so. The defendant can always subpoena the complaint signer if it is in the defendant's interest.
We thus agree with the State's contention as a general rule, but that does not help it in this case.
The State has on several times represented to the trial court that Agent Miller was a necessary witness. This court, on the appeal of the prior complaint, stated explicitly in its opinion that the State's motion to dismiss without prejudice was "for want of a necessary witness." State v. Ramey (Oct. 30, 1998), Clark App. No. 98-CA-0009, 3. It is, therefore, the law of the case that Agent Michael Miller is a necessary witness for the State, and Ramey was entitled to have the charge against him dismissed with prejudice for failure of the State to produce a necessary witness.
We specifically find that on these particular facts before us, the State failed to produce a necessary witness after the jury had been impaneled and seated, and the trial court, therefore, properly dismissed the complaint with prejudice.
The assignment of error is overruled, and the judgment is affirmed.
Ramey cross-appealed and presented three assignments of error, but they are all now moot.
WOLFF, J. and FAIN, J., concur.
Copies mailed to:
Michael F. Sheils
Thomas W. Allen
Linda J. Lawrence
Jeffrey R. Davis
Hon. Eugene S. Nevius